# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **KENNETH A. FIXLER,** | Bankruptcy No. 19-36659 |
| Debtor. | Honorable A. BENJAMIN GOLDGAR |
| **Ilene F Goldstein, Trustee,** | |
| Plaintiff, | |
| v. | Adversary No. |
| **LOWELL S. FIXLER, as trustee of the Lowell S. Fixler Trust dated September 15, 1984,** | |
| Defendants. | |

## COMPLAINT TO AVOID
## FRAUDULENT TRANSFER AND OTHER RELIEF

Ilene F. Goldstein, not individually but as the chapter 7 trustee (the "*Trustee*" or "*Plaintiff*") of the bankruptcy estate (the "*Estate*") of **KENNETH A. FIXLER** (the "*Debtor*" or "*Fixler*"), brings this adversary action against **Lowell S. Fixler, not individually as Trustee of the Lowell S. Fixler Trust dated September 15, 1984** (the "*Fixler Trust*"):

### JURISDICTION AND VENUE

1. This adversary proceeding arises in the Debtor's Chapter 7 bankruptcy case, pending before this Court as case number 19-36659 (the "*Case*").

2. Pursuant to 28 U.S.C. § 1334(b), this Court has subject matter jurisdiction over this proceeding, which is referred here pursuant to 28 U.S.C. §157(a) and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

3. This is a core proceeding under 28 U.S.C. §157(b)((2)(B), (E) and (H), and this Court has constitutional authority to enter final judgments and orders thereon. In the event that it is determined that any portion of this proceeding is not a core proceeding or that a bankruptcy

judge does not have constitutional authority to enter final judgments in this proceeding, the Trustee consents, pursuant to 28 U.S.C. § 157(c)(2), to a bankruptcy judge hearing and finally determining the proceeding and entering appropriate orders and judgments.

4. This Court is the proper venue for this adversary proceeding pursuant to 28 U.S.C. § 1409.

## BACKGROUND FACTS

### I. The Parties.

5. Plaintiff is the duly appointed successor chapter 7 trustee of the Kenneth A. Fixler Estate. The Plaintiff having been appointed successor Trustee on October 15, 2021.

6. On information and belief, Lowell Fixler is the trustee of a self-settled trust created on September 15, 1984 (the "*Fixler Trust*"). Lowell Fixler is the father of the Debtor and lives in Highland Park, Illinois.

### II. The Debtor's Real Estate.

7. The Debtor owns real property commonly known as 1694 Clendenin Lane, Riverwoods, Illinois (the "*Real Estate*").

8. On or about May 31, 2019, the Debtor entered into a note and security agreement with the Fixler Trust (the "*Note*") which provided for up to $350,000 in payments to be made to the Debtor from the Fixler Trust.

9. The Note was secured by a mortgage to the Fixler Trust recorded against the Real Estate on June 10, 2019 (the "*Mortgage*").

10. By filing the Mortgage, the Fixler Trust was assigned an interest in the Real Estate.

11. At no time has the Debtor entered into any note or security agreement with Lowell Fixler, individually.

### III. Non-conforming Note Payments

12. From May 31, 2019 until the petition date of December 31, 2019, the Debtor received no payments from the Fixler Trust under the terms of the Note.

13. From May 31, 2019 until October 26, 2019, Lowell Fixler, individually, made payments to the Debtor totaling $151,462.00 (the "*Debtor Payments*").

14. From May 31, 2019 until October 26, 2019, Lowell Fixler, individually, made payments to Julie Fixler totaling $17,000 (the "*Julie Payments*")

15. Prior to execution of the Note, Lowell Fixler, individually, paid to the Debtor $25,675.23 (the "*Pre-note Payments*"). At no time prior to May 31, 2019 , the Debtor received no payments from the Fixler Trust under the terms of the Note.

16. The Note did not incorporate any of the Pre-Note Payments.

17. The Pre-note Payments, the Julie Payments and the Debtor Payments were all issued from Kenneth Fixler's individual bank account maintained at Highland Park Bank & Trust

18. The Pre-note payments, the Julie Payments and the Debtor payments were not issued by the Fixler Trust.

19. Due to the fact that the Fixler Trust failed to make any payments to the Debtor, the Note is unenforceable as the Debtor owes no money to the Fixler Trust.

20. Due to the fact that the Fixler Trust failed to make any payments to the Debtor, the Fixler's Trust claim against the Debtor's estate and the Real Estate is $0.00.

21. Further, the Fixler Trust has never sought to foreclosure its purported interest in the Real Estate.

22. On information and belief, the Debtor never intended to repay Lowell Fixler for the payments he received from his father.

23. All the payments received by the Debtor from Lowell Fixler, individually, were not subject to any note or security agreement entered into between Lowell Fixler, individually, and the Debtor.

**COUNT I – DETERMINATION OF SECURED CLAIM
11 U.S.C. §502(b) AND FED.R.BANK.P. 3012**

24. Section 502(b) of the Bankruptcy Code provides that bankruptcy court shall determine the amount of a claim in lawful currency.

25. Further, Fed.R.Bankr.P. 3012, provides that the court may determine the value of a claim secured by a lien on property in which the estate has an interest.

26. As of the Petition Date, the Estate had an interest in the Real Estate, in which the Fixler Trust asserts a lien.

27. As of the petition date of December 31, 2019, the Fixler Trust maintains it has a secured claim against the Real Estate of approximately $181,000.

28. As the Fixler Trust failed to make any payments to the Debtor under the Note, the amount due under the Note is zero.

29. From May 31, 2019 until the petition date of December 31, 2019, Lowell Fixler, individually, gave money to the Debtor.

30. As the Fixler Trustee did not loan nor gave any consideration for the Mortgage or the Note, the Fixler's Trust claim should be valued at zero.

31. Pursuant to section 502(b)(1), any claim of the Fixler Trust is unenforceable against the Debtor's estate.

32. Lowell Fixler, individually, has no claim against the Debtor's estate as a secured creditor.

WHEREFORE, the Trustee respectfully requests entry of an order determining that the Fixler Trust's claim against the Real Estate and the Debtor's estate is $0.00 and for such other and further relief as is warranted.

## COUNT II – AVOIDANCE AS INTENTIONAL FRAUDULENT TRANSFER
## 11 U.S.C. § 548(a)(1)(A)

33. The Trustee incorporates each of the other allegations of this Complaint as though fully set forth herein, except that any allegations inconsistent with the relief requested in this Count are not included.

34. Section 548 of the Bankruptcy Code provides that "[t]he trustee may avoid any transfer … of an interest of the debtor in property … that was made … on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily … made such transfer … with actual intent to hinder, delay or defraud any entity to which the debtor was or became, on or after the date that such transfer was made … indebted." 11 U.S.C. § 548(a)(1)(A).

35. The Mortgage constitutes a transfer of an interest in the Debtor's property (the "*Transfer*").

36. The Mortgage was made within two (2) years of the Petition Date.

37. The Debtor entered into the Mortgage with actual intent to hinder, delay or defraud creditors.

38. Multiple badges of fraud exist regarding the Transfer, including: (1) the Mortgage was to an insider; (2) the Debtor retained possession or control of the Real Estate after entering into the Mortgage; (3) just before the Mortgage was made, the Debtor was in default with his creditors.; (4) the Debtor received little or no consideration from the Fixler Trust in return for the Mortgage; (5) the Debtor was insolvent or became insolvent after entering into the Mortgage; and (6) at the time of the Mortgage, the Debtor was attempting to evade obligations to creditors.

WHEREFORE, the Trustee respectfully requests a judgment avoiding the Mortgage as an intentional fraudulent transfer under 11 U.S.C. § 548(a)(1)(A) and for such other and further relief as is warranted.

## COUNT III – AVOIDANCE AS CONSTRUCTIVE FRAUDULENT TRANSFER 11 U.S.C. § 548(a)(1)(B)

39. The Trustee incorporates each of the other allegations of this Complaint as though fully set forth herein, except that any allegations inconsistent with the relief requested in this Count are not included.

40. This Count is plead in the alternative to the extent the relief or the allegations contradict anything else contained in this Complaint.

41. Section 548 of the Bankruptcy Code provides that

> [t]he trustee may avoid any transfer…of an interest of the debtor in property…that was made…on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
> (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
> (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

11 U.S.C. § 548(a)(1)(B).

42. The Mortgage constitutes a transfer of an interest in the Debtor's property.

43. The Mortgage was made within two (2) years of the Petition Date.

44. The Debtor did not receive reasonably equivalent value in exchange for making the Mortgage from the Fixler Trust.

45. The Mortgage was made while the Debtor was insolvent.

46. At the time of the Mortgage, the Debtor was in default with his creditors.

47. By entering into the Mortgage, the Debtor disposed of nearly all the equity in the Real Estate.

WHEREFORE, the Trustee respectfully requests a judgment avoiding the Mortgage as a constructively fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1)(B) and for such other and further relief as is warranted.

Dated: December 30, 2021

Respectfully submitted,

**Ilene F Goldstein,** not individually but as the chapter 7 trustee of the bankruptcy estate of **KENNETH A. FIXLER**,

By: /s/*Zane L. Zielinski*
Bankruptcy Trustee

Zane L. Zielinski (6278776)
Daniel J. Nickel (6278133)
**THE LAW OFFICE OF
    ZANE L. ZIELINSKI, P.C.**
6336 North Cicero Avenue, Suite 201
Chicago, Illinois 60646
d.  773-877-3191
f.  815-846-8516
e.  trustee@zanezielinski.com